UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 14-260** |
| **KELVIN PROVOST** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kelvin Provost's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #184) is **DENIED**.

## BACKGROUND

On January 7, 2016, Kelvin Provost pleaded guilty to Count 1 of the Indictment charging him with conspiring to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride and 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. In the plea agreement, Provost waived his right to contest his sentence under 28 U.S.C. §§ 2255, but "retain[ed] the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding." On April 14, 2016, the court sentenced Provost to serve 188 months in the custody of the Bureau of Prisons. Provost did not file an appeal.

On January 11, 2018, Provost sent a letter to this court in which he argued that his sentence should be vacated or reduced because he received ineffective assistance of counsel at his sentencing hearing.[1] Provost contends that he informed his attorney at the sentencing hearing that he wanted to withdraw his guilty plea and wait for sentencing until there was further development in the Chad

---

[1] Under the prison mailbox rule, a *pro se* prisoner's motion is deemed to be filed when he turns it over to prison officials for mailing. See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998). Provost's letter is deemed to have been filed on its postmarked date of January 11, 2018.

Scott matter, but counsel told Provost that he would not be sentenced to more than 10 years imprisonment and that he could not withdraw his guilty plea. Scott is a former law enforcement official who was under a probe for misconduct and has since been indicted. Provost argues that some of the facts underlying Scott's indictment relate to Provost's case, and that Scott lied in connection with Provost's case to unjustly aid in obtaining a conviction against Provost. The court construed Provost's letter as a motion made under § 2255, and order the government to respond. The government argues that Provost's § 2255 motion is untimely.

## ANALYSIS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Provost's conviction became final on April 28, 2016, when the 14-day period for filing a timely notice of appeal under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure lapsed. Provost did not file his § 2255 motion until more than a year later, on January 11, 2018. Therefore, it is untimely under § 2255(f)(1). There are no allegations that support the application of §§ 2255(f)(2), 2255(f)(3) or 2254(f)(4). Therefore, Provost's § 2255 motion is untimely.

Further, Provost is not entitled to equitable tolling at this time. A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." United States v. Jackson, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted). This standard requires "reasonable diligence, not maximum feasible diligence." Id. (citations and quotations omitted). "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." Id. (citations and quotations omitted). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Provost has not provided any information that would justify equitable tolling. Provost argues that Scott has been indicted and that some of the facts underlying that indictment relate to Scott's conduct concerning Provost's case. However, Scott's case is still pending and Provost points to no evidence demonstrating specifically how Scott's alleged wrongful actions impacted his case. Therefore, Provost's § 2255 motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Kelvin Provost's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #187) is **DENIED**.

New Orleans, Louisiana, this <u>4th</u> day of April, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**