UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 14-260** |
| **KELVIN PROVOST** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Reduction of Sentence - Compassionate Release** (Rec. Doc. 233) is **DENIED**.

### BACKGROUND

On January 7, 2016, Kelvin Provost pleaded guilty to Count 1 of an indictment charging him with conspiring to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride and 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. On April 14, 2016, the court sentenced Provost to serve 188 months in the custody of the Bureau of Prisons. Provost did not file an appeal. He is currently incarcerated at USP Atwater, in California, with a projected release date of July 7, 2028.

Defendant petitioned the warden at USP Atwater for early compassionate release, which was denied on July 8, 2020. A subsequent regional appeal was also denied, in a letter decision dated September 8, 2020, which informed the defendant that he could appeal to the Office of the General Counsel for the Bureau of Prisons ("BOP"). Rec. Doc. 233 p. 5. There is no record evidence suggesting that defendant took a further appeal, and on October 9, 2020, Provost filed

the instant motion seeking compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). He argues that his high BMI, hypertension, and two hernias make him especially vulnerable to COVID-19 and warrant compassionate release. The Government opposes the motion.

## DISCUSSION

Under 18 U.S.C. §3582(c)(1)(A), the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The Fifth Circuit has recently clarified that the requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but nonjurisdictional, claim-processing rule. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020). As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019). In the present case, defendant submitted a request to the warden which was denied in a letter directing him to utilize the administrative remedy process if dissatisfied with the result. No record evidence suggests that he has done so, and thus it appears defendant has not fully exhausted his remedies. Nevertheless, the Government has accepted the warden's denial letter as proof of full exhaustion, and the court construes this as a waiver by the Government of the non-

jurisdictional requirement of full exhaustion. Accordingly, the court addresses the merits of defendant's motion.

***Merits Discussion***

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

In this case, defendant's medical condition does not rise to the level of an "extraordinary and compelling reason" warranting a reduction. While certain chronic medical condition have been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, the defendant's alleged conditions – high blood pressure, obesity, and hernias – are not among them.[1] Moreover, for a medical condition to constitute an "extraordinary and compelling" reason justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, the condition must be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. §

---

[1] Centers for Disease Control, At Risk for Severe Illness, https://www.cdc.gov/corona virus/ 2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

1B1.13, cmt. n.1(A)(ii). On the current record, there is no suggestion that the defendant is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that BOP cannot manage his medical condition appropriately. To the contrary, a review of defendant's medical records reflects that as of May 25, 2020, he was receiving medication and being monitored weekly for blood pressure, and his hernia repair surgery was pending. He was also under doctor's orders to exercise within limits. Rec. Doc. 233, p. 4. Thus, defendant has failed to demonstrate that "extraordinary and compelling" reasons are present to justify compassionate release,

**IT IS HEREBY ORDERED** that defendant's **Motion for Reduction of Sentence - Compassionate Release** (Rec. Doc. 233) is **DENIED**.

New Orleans, Louisiana, this  22nd  day of October, 2020.

_____
MARY ANN VIAL LEMMON
**UNITED STATES DISTRICT JUDGE**