UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATE OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **NO. 14-260** |
| **KELVIN PROVOST** | **SECTION "S"** |

## TRANSFER ORDER

Defendant, Kelvin Provost, has filed a letter which has been construed by the Court as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 seeking relief from conviction by guilty plea on grounds of sympathy for his family obligations and in light of alleged corruption in his case. ECF No. 255. For the following reasons, the motion by letter is construed as an attempt to file a second or successive § 2255 motion.

On January 11, 2018, Provost sent a similar letter to the Court, which also was construed as a § 2255 motion to vacate, seeking to withdraw his guilty plea on grounds of corruption in the investigation and prosecution of his case. ECF Nos. 184, 188. The Court denied the motion with prejudice as untimely filed by Order and Reasons issued April 4, 2018. ECF No. 188. Provost did not seek review of that ruling.

A second letter filed January 29, 2020 also was construed as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 alleging infirmities in his guilty plea based on alleged corruption and misconduct by the investigating agent and ineffective assistance of counsel. ECF No. 215. The motion was transferred to the United States Fifth Circuit Court of Appeal for authorization to file a second or successive motion. ECF No. 216. The Court also denied Provost's related motion to appoint counsel for lack of jurisdiction (ECF No. 227). Following that ruling, Provost filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) for this Court to consider authorizing him leave to file a second or successive petition.

ECF No. 228.  The Court construed the motion as one seeking leave to file a second or successive motion and transferred the motion to the Fifth Circuit for consideration of his request. ECF No. 229.

Undeterred, Provost also thereafter filed a motion seeking a reduction of his sentence on grounds of compassionate release.  ECF No. 233.  After receiving a response from the Government, the Court denied this motion as meritless.  ECF No. 236.

Soon after, the United States Fifth Circuit denied Provost's requests for authorization to file second or successive motions.  ECF Nos. 237, 246.  In its Order in App. No. 20-30074, the Fifth Circuit warned Provost about his continued attempts to seek authorization to file successive motion:

> This is Provost's second motion for authorization, and it relies on the same factual predicate and claims raised in his prior motion for authorization. See In re Provost, No. 20-30454 (5th Cir. Oct. 28, 2020). Provost is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

The current motion to vacate also is considered a prohibited second or successive petition under 28 U.S.C. §§ 2244 and 2255.  To overcome the prohibition against the filing of second or successive claims, the defendant must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The docket records of the United States Fifth Circuit do not reflect that Provost has obtained the required authorization, and the requests previously transferred by this Court have been denied. Until Provost has received authorization from the Fifth Circuit, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Kelvin Provost's motion to vacate (ECF No. 255) is construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the motion (ECF No. 255) is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) and § 2255 to file the instant motion in this District Court.

New Orleans, Louisiana, this \_\_20th\_\_ day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE