UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO:  14-260

KELVIN PROVOST                              SECTION: "S"

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release and Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018** (Rec. Doc. 273) is **DENIED**.

## BACKGROUND

On January 7, 2016, defendant Kelvin Provost pleaded guilty to Count One of an indictment charging him with conspiring to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride and 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. On April 14, 2016, the court sentenced Provost to serve 188 months in the custody of the Bureau of Prisons. For sentencing purposes, defendant's base offense level of 26 was increased to 31 based on his designation as a career offender pursuant to United States Sentencing Guideline §4B1.1(a). Five predicate convictions for the enhancement were identified in the pre-sentence investigation report: a July 1997 conviction for aggravated battery; an April 2020 conviction for aggravated battery, and convictions in September 2009 for three separate

incidents of possession with intent to distribute a Schedule I controlled substance.[1] He is

currently incarcerated at USP Atwater, in California, with a projected release date of July 7,

2028.

On July 19, 2022, defendant petitioned the warden at USP Atwater requesting that the

warden move for relief on his behalf under 18 U.S.C. §§ 3582 and 4205, which was denied on

July 29, 2022. Provost subsequently filed the instant motion, in which he argues that under

current law, his state aggravated battery conviction[2] that served as a predicate for his career

offender enhancement would not qualify as a predicate, and thus extraordinary and compelling

circumstances are present that justify a sentence reduction. Specifically, he argues that his

aggravated battery conviction may no longer be considered a crime of violence under the United

States Supreme Court's ruling in Borden v United States, 141 S. Ct. 18177 (2021). In his reply,

Provost further argues that his drug convictions also should not have served as predicates,

because the quantities involved were too small and thus not the type of offense the career

offender guideline was designed to address. He also argues that consideration of the totality of

circumstances – the alleged defects in the predicates, as well as his rehabilitation – support a

reduction in sentence. The Government opposes the motion.

**DISCUSSION**

Under 18 U.S.C. §3582(c)(1)(A), the court,

---

[1]These convictions are deemed separate because each offense for which sentence was imposed was separated by an intervening arrest. See U.S.S.G. §4A1.2(a)(2).

[2]For reasons that are unclear, Provost refers only to a single aggravated battery conviction, when in fact he has two.

upon motion of the defendant after the defendant has fully exhausted all
administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
on the defendant's behalf or the lapse of 30 days from the receipt of such a request
by the warden of the defendant's facility, whichever is earlier, may reduce the
term of imprisonment . . . after considering the factors set forth in section 3553(a)
to the extent that they are applicable, if it finds that– (i) extraordinary and
compelling reasons warrant such a reduction. . . . and that such a reduction is
consistent with applicable policy statements issued by the Sentencing
Commission[.]

Thus, for compassionate release, defendant must exhaust his remedies within the Bureau of

Prisons ("BOP"), demonstrate that extraordinary and compelling reasons support compassionate

release, and demonstrate that compassionate release is consistent with the objectives of 18

U.S.C. § 3553.[3]

*Exhaustion Requirement*

The requirement that a defendant file a request with the BOP before filing a motion in

federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v.

Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but

may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct.

710, 714 (2019). In the present case, defendant's July 19, 2022 request to the warden was denied.

The government agrees that Provost has exhausted administrative remedies for seeking

---

[3] Because the U.S. Sentencing Commission's policy statement was not amended to reflect
the fact that prisoners may now bring motions themselves under § 3582, no binding policy
statements apply to prisoner-filed motions. United States v. Shkambi, 993 F.3d 388, 392–93 (5th
Cir. 2021). Nevertheless, the policy statement and commentary thereon as to what constitutes
"extraordinary and compelling reasons" justifying relief when the motion is brought by the BOP,
inform the analysis as to what reasons are sufficiently "extraordinary and compelling" in
prisoner-filed motions. United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied,
141 S. Ct. 2688 (2021).

compassionate release.

***Merits Discussion***

Pursuant to USSG §4B1.1(a), a defendant is considered a career offender if (1) he is at least 18 years old at the time of the conviction offense for which is he is being sentenced; (2) the offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In the instant motion, defendant takes issue with the third requirement, arguing that his aggravated battery conviction is no longer considered a crime of violence in the wake of Borden v. U.S., in which the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" for purposes of the Armed Career Criminal Act. 141 S. Ct. at 1834. Defendant contends that the same rationale can be applied to Louisiana's aggravated battery statute, which, according to defendant, may also be violated through recklessness. Thus, according to defendant, if sentenced today, his aggravated battery convictions would not provide a predicate for enhancement and his guideline range without the enhancement would be either 57-71 months or 70-87 months.[4]

This argument overlooks the fact that defendant's pre-sentence report identified five predicate convictions, only two of which are for aggravated battery. Thus, even assuming those

---

[4] Defendant's calculations are based on a base offense level of 24, reduced by three points for acceptance of responsibility, resulting in an offense level of 21. By the court's calculation, the base offense level of 26 minus three for acceptance of responsibility yields a total offense level of 23. Defendant's criminal history score is 17, placing him in Category VI. This results in a guideline range of 92-115 months before any sentencing enhancement, rather than the 87-month ceiling cited by defendant in his memorandum.

convictions were not valid predicates (a question the court pretermits), three other controlled

substance convictions serve as predicates, and only two are required.

With respect to defendant's argument that the controlled substance convictions for

marijuana should not qualify as predicates because of the quantities involved and because some

jurisdictions have relaxed prosecutions or penalties for marijuana possession, the court disagrees.

Provost's sentence was enhanced pursuant to USSG 4B1.2(b). Under that guideline a controlled

substance offense is "an offense under federal or state law, punishable by imprisonment for a

term exceeding one year, that prohibits the manufacture, import, export, distribution, or

dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled

substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or

dispense." Provost's pre-sentence report reflects that he was convicted on three separate

controlled substance charges, stemming from a July 2007 arrest for possession with intent to

distribute a Schedule I controlled substance (marijuana), a September 2007 arrest for possession

with intent to distribute a Schedule I controlled substance (MDMA), and an October 2008 arrest

for possession with intent to distribute a Schedule I controlled substance (marijuana). Provost

was sentenced to five years for each of these convictions, to be served concurrently. Clearly,

these convictions meet the requirements for controlled substance offenses under USSG 4B1.2(b),

considering that each of them is for possession of a controlled substance with intent to distribute,

and each provided for a penalty of five years' imprisonment.

With respect to Provost's contention that the enhancement as applied to him contravenes

the policy directives contained in the U.S. Sentencing Commission's 2004 "Fifteen Year Report",

the court notes that defendant was sentenced in 2016 well after the issuance of the cited report, and he did not object to the enhancements at the time of his original sentencing. The 2004 "15 Year Report" does not provide a basis for reducing his sentence.

Considered individually or in their totality, the factors alleged by defendant, even when coupled with evidence of his rehabilitation, do not justify a reduction in sentence. Moreover, any such reduction would also require that the factors set forth in 18 U.S.C. § 3553 weigh in favor of a reduction, and that is not the case here. The section 3553 factors applicable to this case are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct; [and]
> >
> > (C) to protect the public from further crimes of the defendant....

18 U.S.C. § 3553(a). Defendant has been convicted of multiple prior offenses, both drug offenses and violent offenses, one of which involved the discharge of a firearm. He is currently incarcerated for conspiracy to distribute powder and crack cocaine, and was arrested with approximately 1/3 of a kilogram of powder cocaine and two ounces of crack cocaine. In addition, he signed a factual basis admitting that he had made three trips to Houston, including the one during which he was arrested, for the purpose of trafficking cocaine. At the time of his arrest in the instant case, he was on parole for three state drug cases. He has served only approximately half of his sentence. On this record, the court finds that the nature and circumstances of the

6

offense and the history and characteristics of the defendant demonstrate that a reduction in

sentence would be inappropriate. Further, a reduction of defendant's sentence would not

adequately deter criminal conduct or protect the public from further crimes of the defendant.

Therefore,

   **IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release and**

**Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018**

(Rec. Doc. 273) is **DENIED**.

   New Orleans, Louisiana, this __8th__ day of December, 2022.


   _____
   **MARY ANN VIAL LEMMON**
   **UNITED STATES DISTRICT JUDGE**